1  MELINDA HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  ARVON J. PERTEET (CABN 242828)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, 11th Floor
6      San Francisco, CA 94102
       Telephone: 415.436.7200
7      Facsimile: 415.436.7234
       Email: arvon.perteet@usdoj.gov
8
   Attorneys for United States of America
9

10                 UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,           )
14                                     )     No.   CV 12-1996 EMC
                   Plaintiff,          )
15                                     )
              v.                       )     STIPULATION AND [PROPOSED] ORDER
16                                     )     REGARDING DISMISSAL
   REAL PROPERTY AND                   )
17 IMPROVEMENTS LOCATED AT 7586        )
   REDWOOD BLVD., SUITE C, NOVATO,     )
18 CALIFORNIA,                         )
                                       )
19                 Defendant.          )
                                       )
20 _____

21

22        In full settlement of all claims and disputes arising from and related to the captioned

23 forfeiture action, plaintiff United States of America, Claimant Martin O'Brien and Kerry

24 O'Brien, (collectively "the parties") hereby stipulate and agree to dismiss the instant action on

25 the following terms and conditions:

26        1.    On April 23, 2012, plaintiff filed a Complaint For Forfeiture *in rem* against the

27 real property and improvements located at 7586 Redwood Blvd., Suite C, Novato, California

28 (hereinafter "defendant real property"), pursuant to 21 U.S.C. § 881(a)(7).

2. Claimant David Cesena (Cesena) is the owner of record for the defendant real property. Cesena has filed his claim via this stipulated agreement, asserting his ownership interest in the defendant real property.

3. The government provided notice of this action in accordance with the law. No other claims have been filed in this action asserting an interest in the defendant real property to date. However, the time to do so has not yet expired.

4. In light of Cesena's action in terminating the unlawful distribution of marijuana at the defendant real property, plaintiff agrees to dismiss the instant action provide that:

    a. Cesena shall not knowingly use, rent, lease and/or otherwise make available the defendant property, or any other real property owned and controlled by him, in whole or in part, to anyone for any illegal purpose; and

    b. Cesena shall not knowingly allow the defendant real property, or any other real property owned and controlled by him, to be listed in any advertisement, publication, directory or internet site which advertises or indicates that marijuana is available at the location of the defendant real property; and

    c. To the extent that Cesena decides to rent, lease and/or make the defendant real property, or any other real property owned and controlled by them, available to others, with or without compensation, Cesena has an affirmative duty to inquire, in good faith, as to the anticipated use of the defendant real property; and

    d. In lieu of forfeiting the defendant real property, the United States and claimant, Cesena, agrees to forfeit and pay to the United States $5,000.00 in the form of a cashier's check; and

    e. Provided Cesena adheres to these conditions, the government may not seek to re-instate the instant forfeiture action.

5. Upon execution of this stipulation and approval by the Court, and upon payment of the $5,000.00 as set forth in paragraph 5(d) above, the United States shall file a release of lis

STIPULATION AND [PROPOSED]
ORDER RE DISMISSAL
No. 12- 1996 EMC     2

1 | pendens related to the defendant real property within 30 days of receipt of the payment.

2 |      6.    Cesena, his heirs, representatives and assignees, shall hold harmless the United States, any and all agents, officers, representatives and employees of same, including all federal, state and local enforcement officers, for any and all claims, defenses, actions, or liabilities arising out of or related to this action against the defendant real property, including, without limitation, any and all claims for attorneys' fees and costs.

     7.    Each party to this agreement shall each bear its own costs and attorneys' fees in this action.

Respectfully submitted,

MELINDA HAAG
United States Attorney

Dated: 7-9-2012

ARVON J. PERTEET
Assistant United States Attorney

Dated: 7-9-2012

RUSSELL MARNE
Attorney for David Cesena

Dated: 7-9-2012

DAVID CESENA
Claimant

STIPULATION AND [PROPOSED]
ORDER RE DISMISSAL
No. 12-1996 EMC            3

**[PROPOSED] ORDER**

Based upon the above-stipulation, and good cause appearing, it is hereby ORDERED, ADJUDGED AND DECREED:

1. The Court has jurisdiction of this in rem forfeiture action regarding the defendant property located at 7586 Redwood Blvd., Suite C, Novato, California (hereinafter "the defendant real property", pursuant to 21 U.S.C. § 881(a)(7) and 28 U.S.C. §§ 1355 and 1395.

2. Plaintiff United States of America served notice in accordance with the law to all parties that were known to have an interest in the defendant real property.

3. David Cesena, the owner of the defendant real property, filed a timely claim via this stipulation and agreement.

4. The time for claims asserting interest in the defendant real property has not expired. No other claims have been filed to date.

5. In light of Cesena's actions to terminate the unlawful distribution of marijuana at the defendant real property, this action shall be dismissed without prejudice provided that:

   a. Cesena shall not knowingly use, rent, lease and/or otherwise make available the defendant property, or any other real property owned and controlled by them, in whole or in part, to anyone for any illegal purpose; and

   b. Cesena shall not knowingly allow the defendant real property, or any other real property owned and controlled by him, to be listed in any advertisement, publication, directory or internet site which advertises or indicates that marijuana is available at the location of the defendant real property; and

   c. To the extent that Cesena decides to rent, lease and/or make the defendant real property, or any other real property owned and controlled by them, available to others, with or without compensation, Cesena has an affirmative duty to inquire, in good faith, as to the anticipated use of the defendant real property; and

   d. In lieu of forfeiting the defendant real property, the United States and

STIPULATION AND [PROPOSED]
ORDER RE DISMISSAL
No. 12- 1996 EMC  4

1 claimant, Cesena, agrees to forfeit and pay to the United States $5,000.00 in the form of a
2 cashier's check; and
3       e. Provided Cesena adheres to these conditions, the government may not seek to
4 re-instate the instant forfeiture action.
5   6. Upon execution of this stipulation and approval by the Court, and upon payment
6 of the $5,000.00 as set forth in paragraph 5(d) above, the United States shall file a release of lis
7 pendens related to the defendant real property within 30 days of receipt of the payment.
8   7. Cesena, his heirs, representatives and assignees, shall hold harmless the United
9 States, any and all agents, officers, representatives and employees of same, including all federal,
10 state and local enforcement officers, for any and all claims, defenses, actions, or liabilities arising
11 out of or related to this action against the defendant real property, including, without limitation,
12 any and all claims for attorneys' fees and costs.
13   8. Each party to this agreement shall each bear its own costs and attorneys' fees in
14 this action.
15   9. The action is dismissed.

IT IS SO ORDERED.

Dated:   July 11  , 2012



STIPULATION AND [PROPOSED]
ORDER RE DISMISSAL
No. 12- 1996 EMC       5